Johnson, C. J. The State Bank of Arkansas came in and filed her interplea, by which she claimed all the negroes upon whom the attachment was levied, being throe in number. The plaintiff, Byrd, replied to the plea and issue was taken upon it. The jury who were sworn to try the issue between the parties reported that the boy, Abram, alias Abraham, was the property of the Bank of the State of Arkansas, but that they were unable to agree as to Isaac and Tena, and asked to be discharged as to them. The court then ordered them to be discharged without any finding as to Isaac and Tena, the other two negroes in controversy. The State Bank in her interplea claimed each and all of the negroes attached, and the title to all was involved in a single issue. The investigation of the jury was not confined to one only, but they were bound, under the issue, to make a final disposition of die whole. True it is, that they were not required to find that all belonged to the same party, yet the verdict, to support a judgment, should have found either in whole or in part for the one, or the other. They were legally bound to dispose of the whole issue, and in so doing, they must necessarily have assigned the entire property to the one, or partly to the one and partly to the other. The verdict therefore is a mere nullity, and as such cannot support the judgment rendered upon it. The court erred in receiving the verdict in the shape presented, but should have rejected it and ordered a ve-nire de novo. After the jury returned the verdict, and the court pronounced judgment upon it, the plaintiff, Byrd, filed a motion to strike the name of the Bank from, the docket; which motion was sustained by the court. The Bank, by filing her interplea, made herself a party to the suit, and whether she was successful or not upon the trial of the right of property, she could not be driven out of court without her consent. If she was dissatisfied with the judgment of the court, after she became a party to the proceeding, she had a clear and unquestionable right to prosecute her appeal or writ of error into this court to have it reversed. It would be difficult, to conceive upon what ground the Circuit Court sustained the motion to strike her name from the docket. There can be no doubt of the right of the Bank to interplead and set up her claims to the property seized by virtue of die attachment; and if so, it follows as a necessary consequence, that the moment her plea ivas raised, she became invested with all the rights of a party to the proceeding, and consequently could not be forced to yield her ground. The court most clearly erred in striking her name from the docket. The court ruled correctly in refusing permission to the Bank to file her second interplea, as she had enjoyed all the benefits of that plea upon die trial of the first. She did not claim other or different property from that specified in her first.plea. She certainly could not expect to be permitted to come in with a second plea claiming the same or a part of the identical property claimed in the first, and to bring the same matter before another jury, and that, upon a different plea. She was entitled, upon her first plea, in which she set up her claim to all the negroes, to a direct and unequivocal response, and in case that should not be satisfactory, her remedy was full and ample by an appeal or writ of error to this court. We are clearly of opinion that the judgment of the Circuit Court is erroneous and ought to be reversed. Judgment reversed.